UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:07-CV-00004-TBR

UNITED STATES DEPARTMENT OF AGRICULTURE,                                           PLAINTIFF

v.

BRENDA S. MCGREGOR, *et al.*,                                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff United States Department of Agriculture's ("United States") Motion to Evict Defendant Brenda S. McGregor, [DN 62.] McGregor responded, [DN 63], and the United States replied, [DN 66.] Fully briefed, this matter is now ripe for adjudication. For the reasons that follow, the United States' motion, [DN 62], is **GRANTED**.

## BACKGROUND

In 2007, the United States, acting on behalf of the Farm Service Agency ("FSA") through the United States Department of Agriculture ("USDA"), brought this action against Brenda S. McGregor, any unknown spouse, Tax Ease Lien Investments 1, LLC, Christian County, Kentucky, Adventist Care Centers d/b/a Pinecrest Manor, and Wachovia Custodian-Sass Muni V DTR. [*See* DN 11 (Second Amended Complaint).] The United States sought to obtain a judgment against McGregor's interest in real property located in Christian County, Kentucky. Specifically, McGregor owed amounts on both a mortgage and a judgment entered against her personally during bankruptcy proceedings. On April 8, 2008, this Court entered Default Judgment against the Defendants who had not answered the complaint and summary judgment against the Defendants who did answer. [*See* DN 35 (Entry of Default, Judgment and Order of

1

Sale).] The Court also issued an Order of Sale of the real property authorizing the United States to sell the property at a public auction. [*See id.*] Therein, the Court stated:

> That in order to conduct the foreclosure sale of the Property . . . the United States shall have possession of the subject property . . . and all such persons now possessing or occupying the Property shall completely move out of the Property not later than thirty (30) days from the date of entry of this Judgment. Should any such person fail to move out of the Property in compliance with this Judgment, the United States shall, upon Motion, be entitled to the entry of a Writ of Assistance providing for the eviction of such persons from the Property.

[*Id.* at 6–7.] The Court denied reconsideration of this decision, [DN 44], and McGregor, alone, appealed the Court's decision to the Sixth Circuit Court of Appeals, [DN 38 (Notice of Appeal as to Default Judgment).] The Sixth Circuit affirmed this Court's grant of summary judgment against McGregor on June 23, 2010. *United States v. McGregor*, No. 08-5658, slip op. (6th Cir. June 23, 2010).

On November 15, 2010, the United States filed a Motion to Evict, [DN 59], which the Court granted on December 6, 2010. [DN 60.] The United States contends, however, that after the Court granted its motion to evict, McGregor then pursued civil rights claims through the administrative process of the USDA which ultimately, after lengthy review, determined that McGregor was not entitled to relief. [DN 62-1 at 3.] The United States asserts that, after the USDA administrative process concluded, it sent McGregor a letter on February 6, 2017, "requesting that she vacate the premises or face eviction." [*Id.* (citing DN 62-2 at 1 (February 6, 2017 Letter)).] After it received no response from McGregor, the United States filed the instant motion to evict on March 20, 2017. [DN 62.]

## DISCUSSION

In her April 4, 2017 Response, McGregor states that she "was only very recently served a copy of [the United States'] aforesaid motion [to evict]," and that she "intends, through the aid of

2

legal services . . . to append and amend this immediate response and opposition fully, expeditiously, and forthwith." [DN 63 at 1.] However, more than three months have since past, and McGregor has filed no such "supplemental response." In the Response she did file, McGregor argues first that, as nearly seven years have elapsed between this Court's December 6, 2010 grant of the United States' motion to evict and the United States' current March 20, 2017 motion to evict, that "various applications and interpretations of federal statute of limitations stipulations may apply to the instant case." [*Id.* at 1–2.] Second, McGregor asserts the applicability of "any overlapping Section 1983 Primer (5) and 28 USC 1658 implications, per their own merit." [*Id.* at 2.] Finally, McGregor states that, "because various civil rights issue are involved in this case, particularly at the appellate level, Defendant also maintains that basic Article III and U.S. Constitution . . . stipulations can become, and are, a major consideration for herewith opposing" the United States' motion to evict. [*Id.*]

In its Reply, the United States again contends that, following the Court's December 6, 2010 Order, it "ceased further litigation as a result of an understanding that Ms. McGregor's case had been put 'on hold' for a nationwide civil rights review by the [USDA]. After many years, that review ended. As such, in early 2017, [it] . . . filed a new motion to evict." [DN 66 at 1 (Reply).] Though the record support for this contention is somewhat sparse, the United States does cite to emails between it and FSA employees in April 2011, February 2014, August 2014, September 2015, and October 2015, inquiring as to whether McGregor's case was still "on hold" as a result of pending civil rights investigations. [*See* DN 66-1 at 1–6.] These emails led support for a finding that the United States did not continue to pursue McGregor's eviction due to the pending administrative review.

However, regardless of the sufficiency of this evidence, the United States correctly points out that no statute of limitations limits the United States' ability to maintain foreclosure actions. Though 28 U.S.C. § 2415 sets out time limitations "for commencing actions brought by the United States," this section does not apply to foreclosure actions. *See* 28 U.S.C. § 2415(a) ("[E]xcept as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later.") *See also United States v. Alvarado*, 5 F.3d 1425, 1430–31 (11th Cir. 1993) ("To conclude, we hold that the plain language of § 2415(a) does apply to an action by the United States to recover from the debtor amounts owed on the promissory note, but does not apply to an action by the United States to foreclose on a mortgage securing the note. We conclude that Congress intended to allow the United States to bring such foreclosure actions at any time."); *United States v. Ward*, 985 F.2d 500, 502 (10th Cir. 1993) ("The maxim, time does not run against the sovereign, combined with the principle that the United States is not bound by a statute of limitations unless Congress has explicitly expressed one, *United States v. John Hancock Mut. Life Ins. Co.,* 364 U.S. 301, 81 S.Ct. 1, 5 L.Ed.2d 1 (1960), also undergirds the plain language [of § 2415(a)] to preclude implying its extension to equitable [foreclosure] actions."); *Westnau Land Corp. v. U.S. Small Bus. Admin.*, 1 F.3d 112, 115 (2d Cir. 1993) ("A number of the federal court decisions construing § 2415(a) as inapplicable to foreclosure actions invoke the settled rule that 'the United States is not bound by a statute of limitations unless Congress has explicitly expressed one.'") (citations omitted); *United States v. Omdahl*, 104 F.3d 1143, 1146 (9th Cir. 1997) ("A mortgage action

brought by the United States is *not* subject to a limitations period, so Appellants' argument must fail."); *UMLIC VP LLC v. Matthias*, 364 F.3d 125, 134–35 (3d Cir. 2004) ("[W]e are left with the result that there is no federally provided statute of limitations for mortgage foreclosure actions . . . [W]e turn to federal common law to fill the gap. The gap is filled by what the Court of Appeals for the Tenth Circuit characterized as: '[t]he maxim, time does not run against the sovereign, combined with the principle that the United States is not bound by a statute of limitations unless Congress has explicitly expressed one.' . . . Thus there is no statute of limitations on UMLIC's [foreclosure] action."); *United States v. Oliver*, 306 F. App'x 201, 202 (5th Cir. 2009) ("This court, as well as every other United States Court of Appeals to consider the question, has concluded that § 2415(a) does not set a limitations period on mortgage foreclosure actions.").

Nor does 28 U.S.C. § 1658 apply to limit the United States' ability to maintain its foreclosure action. That statute imposes a four-year statute of limitations on "civil action[s] arising under an Act of Congress." 28 U.S.C. § 1658(a). However, the foreclosure action in this case is not a federal statutory action. Rather, "[s]tate law serves as the federal rule of decision in controversies concerning loans and mortgages held by the FSA." *United States v. McGregor*, No. 08-5658, slip op. at 3. (6th Cir. June 23, 2010) (citing *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 740 (1979); *United States v. Olayer*, 333 F. App'x 669, 671 (3d Cir. 2009)). "Because this action involves real and personal property located within the state of Kentucky and the FSA perfected its interests in the state, we apply Kentucky law."[1] *Id.* Specifically, Kentucky law provides that "[i]n an action to enforce a mortgage or lien, judgment may be rendered for the sale

---

[1] The Court has jurisdiction over this case, however, because the United States commenced this action. 28 U.S.C. § 1345 ("Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.")

5

of the property and for the recovery of the debt against the defendant personally." Ky. Rev. Stat. Ann. § 426.005(1). And, "[i]f a final judgment in personam is rendered in any court of record in this state for an ascertained sum of money, with interest and cost, or for either, an execution against property may issue thereon." Ky. Rev. Stat. Ann. § 426.010. Because this action does not arise under "an Act of Congress," the four-year statute of limitations in § 1658 is inapplicable.

Moreover, even if § 2415 or § 1658 *did* apply to the United States in bringing its foreclosure action, both of those statutes set limitations on the time period in which a party must *commence* a civil action. *See* 28 U.S.C. § 2415; 28 U.S.C. § 1658. Here, there is no dispute that the United State *commenced* the instant action more than ten years ago, in January 2007. [*See* DN 1 (Complaint).] Neither statute, however, sets limitations on the time in which an action must be *prosecuted*. *See* 28 U.S.C. § 2415; 28 U.S.C. § 1658.

Finally, the defense of laches also does not apply against the United States. *See Hatchett v. United States*, 330 F.3d 875, 887 (6th Cir. 2003) ("It is well established that the Government generally is exempt from the consequences of its laches.") (quoting *United States v. Summerlin,* 310 U.S. 414, 416 (1940) ("It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights.")) However, even if a laches defense did apply, McGregor has demonstrated neither unreasonable delay nor prejudice, both of which are required to succeed under such a theory. *See Brown-Graves Co. v. Cent. States, Se. & Sw. Areas Pension Fund*, 206 F.3d 680, 684 (6th Cir. 2000) ("Laches consists of two elements: (1) unreasonable delay in asserting one's rights; and (2) a resulting prejudice to the defending party.") (citations omitted)). Most notably, McGregor can point to no "resulting prejudice." Rather, for nearly seven years, she has been permitted to remain on her property,

despite the grant of summary judgment, order of sale, and order of eviction entered against her. If anything, McGregor has benefitted from the delay.

In sum, McGregor has failed to demonstrate to the Court that the United States' motion to evict should be denied. Accordingly, the Court will **GRANT** the United States' motion.

## CONCLUSION

For the reasons stated herein, the United States' Motion to Evict, [DN 62], is **GRANTED**.

**IT IS HEREBY ORDERED** that the Defendant, Brenda S. McGregor or current occupant of the property, is ordered to immediately vacate the premises, including all outbuildings, and to remove any personal property, including farm equipment and a mobile home, and to do so without causing injury to the property. If the Defendant fails to remove any personal property, then FSA is allowed to remove all personal property and dispose of same using its best judgment as to the means.

**IT IS FURTHER ORDERED** that if the Defendant, Brenda S. McGregor or current occupant does not vacate the property as set forth above within **twenty-one (21)** days after entry of this Order, then RHS and the United States Marshal are directed to immediately take eviction action.

**IT IS FURTHER ORDERED** that Defendant, Brenda S. McGregor or current occupant of the property, is liable for any costs incurred as a result of this eviction and plaintiff's judgment shall be amended to reflect same.

cc: Counsel

Brenda S. McGregor
3025 W. Roaring Springs Road
LaFayette, KY 42254
PRO SE